**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-6473**

KAREEM AKEEM OLAJUWON, SR.,

Plaintiff - Appellant,

v.

DOCTOR OFOGH; J. WOMACK, Lt., Mediko, PC, Liaison; ANTIONETTE IRVING, Sheriff, Head of Jail; STUART BROTH, Dentist, Mediko, PC; KYLA BROWN, RN, Mediko, PC, Director of Nursing,

Defendants - Appellees,

and

R. HUNT, Major, Supervisor of Jail Operations; DIXIE DELUTIS, Health Service Administrator, Mediko, PC,

Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:21-cv-00004-HEH-MRC)

Submitted:  September 27, 2024                    Decided:  October 24, 2024

Before AGEE and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Kareem Akeem Olajuwon, Sr., Appellant Pro Se.  Taylor Denslow Brewer, MORAN REEVES & CONN, PC, Richmond, Virginia; Blaire Hawkins O'Brien, A. Winneberger, HARMAN CLAYTOR CORRIGAN & WELLMAN, Glen Allen, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Kareem Akeem Olajuwon, Sr., appeals the district court's orders granting summary judgment in favor of Defendants in his 42 U.S.C. § 1983 action. Olajuwon alleged that Defendants were deliberately indifferent to his serious medical needs when they failed to appropriately treat his bleeding gums while he was an inmate at Richmond City Justice Center ("RCJC"). We affirm in part, vacate in part, and remand for further proceedings.

We review de novo a district court's grant of summary judgment, "review[ing] the facts in the light most favorable to" the nonmoving party and "drawing all reasonable inferences in his favor." *Dean v. Jones*, 984 F.3d 295, 301 (4th Cir. 2021). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is genuine only where the nonmovant's version is supported by sufficient evidence to permit a reasonable jury to find in [his] favor." *United States v. 8.929 Acres of Land in Arlington Cnty.*, 36 F.4th 240, 252 (4th Cir. 2022) (internal quotation marks and brackets omitted). Conversely, "[w]hen a party fails to establish the existence of an element essential to that party's case, there is no genuine issue of material fact." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019).

"It is beyond debate that a prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019) (internal quotation marks omitted). In order to establish an Eighth Amendment deliberate indifference claim, "the plaintiff is required to prove an objective component and a subjective component."

3

*Id.* "The objective element requires an objectively 'serious' medical condition." *Short v. Hartman*, 87 F.4th 593, 612 (4th Cir. 2023). "A condition is objectively serious if it is diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (internal quotation marks omitted). The subjective component "requires that the prison official acted with deliberate indifference to inmate health or safety, meaning that the official had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Id.* (internal quotation marks omitted).

Viewing the evidence in the light most favorable to Olajuwon, we conclude that the district court properly granted summary judgment to Defendants Brown, Womack, and Irving. However, we conclude that the court erred in granting summary judgment to Defendant Broth, a dentist who provided care to RCJC inmates. From October 2019 through December 2019, Olajuwon repeatedly complained that his gums were bleeding heavily, that Broth's prescribed treatment was not working, and that he was in pain. Despite admitting in his declaration that he was not a periodontist and did not treat periodontal disease in RCJC inmates, Broth attributed Olajuwon's symptoms to periodontal disease, continued the original treatment plan, and denied Olajuwon's request for a referral to an outside provider. Although Broth eventually ordered the referral to an outside provider that ultimately resulted in Olajuwon's diagnosis and treatment for cancer, we conclude that a reasonable jury could find that the delay in obtaining the referral amounted to deliberate indifference.

4

Accordingly, we affirm the district court's grant of summary judgment to Brown, Womack, and Irving. We vacate the court's grant of summary judgment to Broth and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*